CARLIE CHRISTENSEN, Acting United States Attorney (No. 633)
ROBERT A. LUND, Assistant United States Attorney (No. 9579)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 18 2010

D. MARK JONES, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:08 CR 671 DAK |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| JAMES A. BRINTON, | : | |
| Defendant. | : | Judge Dale A. Kimball |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.      As part of this agreement with the United States, I intend to plead guilty to Counts 2 and 3 of the Superseding Indictment, conspiracy to distribute phentermine and conspiracy to commit international money laundering. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements of Count 2, conspiracy to distribute phentermine, are:

First, two or more persons agreed to violate the federal drug laws;

Second, the defendant knew the essential objective of the conspiracy;

Third, the defendant knowingly and voluntarily involved himself in the conspiracy;

Fourth, the members of the conspiracy intended to act together for their shared mutual benefit;

Fifth, the scope of the conspiracy involved the distribution phentermine.

The elements of Count 3,, conspiracy to commit international money laundering, are:

First, two or more participants formed an unlawful agreement to violated 18 USC § 1956.

Second, the conspiracy involved in the international movement of funds which represented proceeds of an lawful activity with the intent to promote the specified unlawful activity or to conceal the nature, source, location, ownership, or control of the proceeds.

Third, the defendant joined the conspiracy with the intent that the conspiracy succeed.

2.  I know that the maximum possible penalty provided by law for Count 2 of the Superseding Indictment, a violation of 21 U.S.C. § 846, conspiracy to distribute phentermine, is a term of imprisonment not more than 20 years, a fine of up to $1,000,000.00, and a term of supervised release of at least 3 years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count 3 of the Superseding Indictment, a violation of 21 U.S.C. § 841(a)(1), conspiracy to commit international money laundering, is a term of imprisonment of not more than 20 years, a fine of up to $250,000.00, and a term of supervised release of at least 3 years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

Additionally, I know the Court is required to impose an assessment in the amount of $100.00 for the each offense of conviction pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

3.  I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not agree to the Rule 11(c)(1)(C) agreement.

4.  I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.  I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty", I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    (a) I have a right to the assistance of counsel at every stage of the proceeding.

    (b) I have a right to see and observe the witnesses who testify against me.

    (c) My attorney can cross-examine all witnesses who testify against me.

    (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    (h) It requires a unanimous verdict of a jury to convict me.

    (i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

(a) Between October 1, 2003 and July 18, 2007, I conspired with Greg Crosby, Noah Sifuentes, Edgar Flores-Cuevas, Laura Harding, Christina Haramija, and others to distribute a controlled substance, namely phentermine. During the course of the conspiracy, my co-defendants and I impermissibly imported phentermine into the United States from Mexico. Thereafter, without the requisite authority from the Drug Enforcement Administration, we knowingly sold approximately 8,000,000 phentermine pills over the internet to customers who did not have a valid prescriptions for that drug.

We received the phentermine from a supplier located in Chihuahua, Mexico called Investigacion Farmaceutica (IFA). During that time frame, my co-conspirators and I paid IFA $1.9 million dollars for the product. At the time that we did so, we knew that the money we paid IFA would be used to promote the on-going drug distribution business. My co-conspirators sent $1.3 million dollars of that money through the personal bank account of Edgar Flores-Cuevas in lieu of sending it directly to IFA's bank account. Using his personal account to receive the money helped to conceal the true nature, source, ownership, and location of the money. Finally, we used various proceeds from the sale of phentermine to pay expenses related to the on-going distribution such as advertising and shipping costs.

(b) I admit my conduct violated 21 U.S.C. § 846 and 18 U.S.C. § 1956(h).

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees as follows:

        (1) I will plead guilty to Counts 2 & 3 of the Superseding Indictment;

        (2)(a) I Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final pre-sentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution;

(3) If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding;

(4) I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including the following:

- Real property located at 3929 Riverwood Drive, Provo, Utah.

I warrant that I am the joint owner of all of the property listed above, and I agree to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal

or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge and understand that the forfeiture of assets is part of the sentence that may be imposed in this case and I waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct and proceeds giving rise to forfeiture.

B. The United States agrees:

(1)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines; and

(1)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction; and

(2) To move the court to dismiss the remaining counts in the indictment against the defendant, specifically counts 1, 4, 5, 6, 7, and 8 at the time of sentencing.

(3) That it will not pursue any legal action, either criminal or civil, related to the subject matter of the instant case against any member of the defendant's immediate family.

C. The defendant and the Government agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the sentence imposed by the Court will be thirty-six months (36) months with the Bureau of Prisons, followed by thirty-six (36)

months on supervised release. Defendant understands that if the Court refuses to impose the foregoing sentence, the defendant will have the right to withdraw the plea of guilty.

        \*        \*        \*        \*

I make the following representations to the Court:

1. I am _63_ years of age. My education consists of _Medical Degree_. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter my plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this Statement in Advance. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this  18  day of  May , 2010.

                                      JAMES A. BRINTON
                                      Defendant

### Attorney Certification

I certify that I have discussed this Statement in Advance with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this  18  day of  MAY , 2010.

                                        EDWARD K. BRASS
                                        Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this  18  day of  MAY , 2010.

                                        CARLIE CHRISTENSEN
                                        Acting United States Attorney

                                        ROBERT A. LUND
                                        Assistant United States Attorney